**Ina Viola SMITH, on behalf of Rita Davis Connor, Cornelius Dupie, on behalf of Maymond Dupie, Sadie Burnett Smith, on behalf of Anthony Smith, Elkin Alfred Carty, on behalf of Virgile Clementina Carty and Wanda V. Carty**

v.

**AVCO–LYCOMING, Beech Aircraft Corporation, The Bendix Corporation.**

Civ. A. No. 79–4623.

United States District Court,
E. D. Pennsylvania.

Oct. 6, 1980.

Jack Clapper, San Francisco, Cal., for plaintiffs.

William M. Shields, Philadelphia, Pa., for Beech Aircraft.

Ronald C. Scott, Philadelphia, Pa., for Avco–Lycoming.

Thomas R. Harrington, Philadelphia, Pa., for Bendix.

## MEMORANDUM

LUONGO, District Judge.

This action was brought by the personal representatives of the victims of an airplane crash in waters off the Netherlands Antilles in December, 1977. The defendants are Avco–Lycoming, which allegedly manufactured the engines on the aircraft; The Bendix Corporation, which allegedly manufactured the fuel pumps and injectors on the aircraft; and Beech Aircraft Corporation, which produced the aircraft itself. Beech moves to dismiss on the grounds that this court lacks personal jurisdiction over it, and that venue is not properly laid in this district.

### A. Jurisdiction

Under Rule 4(e), F.R.Civ.P., a district court may assert jurisdiction over an out–of–state defendant on the strength of the "long–arm" statute of the state in which it sits. Pennsylvania has such a statute, 42 Pa.Con.Stat.Ann. § 5301 *et seq.* Section 5301(a) provides:

> The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such persons, . . . .
>
> (2) Corporations–(iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

Plaintiffs contend that Beech is subject to personal jurisdiction under this, and other sections of the statute. The record reflects that Beech is a Kansas corporation which is not registered in Pennsylvania and does not itself directly transact business in the Commonwealth. This does not necessarily take Beech outside of § 5301, however, for registration in the Commonwealth is listed as a separate and distinct ground for asserting jurisdiction, *see* § 5301(a)(1)(i), and the Pennsylvania legislature therefore plainly intended to confer jurisdiction in cases where a corporation conducts business in the Commonwealth even though not formally registered. Plaintiff need not even show that Beech qualifies for registration in the Commonwealth, as that too is enumerated as a separate ground for jurisdiction. *Id.* Under subparagraph (a)(2)(iii), jurisdiction exists so long as the defendant carries on a continuous and systematic part of its business within the Commonwealth.

Having reviewed the nature of Beech's contacts with the Commonwealth, I am persuaded that Beech does conduct a continuous and systematic part of its business here. Beech's chief means of merchandising its aircraft is through Beechcraft distributorships, which sell and service Beech airplanes under the Beechcraft logo. Beech sends its representatives to assist distributors with sales and promotion, and it advertises in periodicals with nationwide distribution, referring potential customers to the local distributor. Similarly, it publishes a service directory of authorized Beech service centers, in effect creating a national network of service centers for its airplanes. Beech also extends warranties for its products, which are honored at the local distributors. Finally, Beech representatives attend the Reading Air Show in Pennsylvania each year, to showcase its products and provide technical assistance to distributors. Although Beech Aircraft Corporation does not maintain an office in Pennsylvania, quite plainly the marketing and servicing of Beech products in the Commonwealth is a continuous and systematic part of its business, in that Beech contemplates the sale and service of its products here, and actively supports the local distributors in trying to develop and sustain a demand for Beech products. Undoubtedly, therefore, Beech reaps benefits from the Pennsylvania market, even though it does not maintain an official presence in the Commonwealth.

The parties have not cited any cases interpreting or applying the present Pennsylvania long–arm statute, which became effective in July, 1978. Cases decided under prior Pennsylvania law have held that contacts like those of Beech in this case are sufficient to confer jurisdiction. *See Keene v. Multicore Solders, Ltd.,* 379 F.Supp. 1279

(E.D.Pa.1974); *Crucible, Inc. v. Stora Kopparbergs Bergslags Ab*, 403 F.Supp. 9 (W.D. Pa.1975); *Kitzinger v. Gimble Brothers, Inc.*, 254 Pa.Super. 143, 368 A.2d 333 (1976). As the court reasoned in *Crucible, Inc.*, where a defendant makes use of a chain of distributors, and reaps profits within the forum state, even though it structures its business operations in such a way as to avoid direct activity in the forum state, it would be unfair not to impose an obligation to defend there. Having reviewed Beech's contacts here in light of the requirements of Pennsylvania's present long–arm statute, I am persuaded that it is subject to personal jurisdiction under 42 Pa.Con.Stat.Ann. § 5301(a)(2)(iii).

■ Beech further argues that even if its activities bring it within the scope of Pennsylvania's long–arm statute, it does not have sufficient minimum contacts with the Commonwealth to satisfy the requirements of due process. As the Court of Appeals has stated, "very minimal contacts are required to satisfy due process, particularly in the jurisdictional context." *Columbia Metal Culvert Co. v. Kaiser Industries Corp.*, 526 F.2d 724, 730 (3d Cir. 1975). As I noted in *Keene v. Multicore Solders, Ltd., supra*, "[i]n applying the test of *International Shoe* [*v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95] and *Hanson* [*v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283], many courts have concluded that where a foreign corporation's volume of business and pattern of product distribution is such that it should reasonably anticipate that its products may be used in the state, due process permits the state to exercise jurisdiction over it." 379 F.Supp. at 1282. The Supreme Court's recent decision in *World–Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), lends support to this view. There, the Court noted that due process requires only that the "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there, 100 S.Ct. at 567."

■ Here, Beech has for many years marketed its products through distributors in Pennsylvania, and referred customers to those distributors for sales and service, in addition to which it appears at a Pennsylvania air show to promote its products in conjunction with the local distributors. In view of these contacts, it is indisputable that Beech could reasonably anticipate being subject to jurisdiction here. Accordingly, assertion of jurisdiction over Beech pursuant to Pennsylvania's long–arm statute does not offend principles of due process.

■ Beech also contends that venue is improperly laid in this district. Under 28 U.S.C. § 1391(a), a civil action may be brought in any district wherein all of the defendants reside. Under § 1391(c), a corporation may be sued in any district in which it is incorporated, licensed to do business, or doing business. Avco–Lycoming has its principal office in the Middle District of Pennsylvania. The Bendix Corporation is registered as a foreign corporation in the Commonwealth, and therefore is for venue purposes present in all of the districts in the Commonwealth. *Johnstone v. York County Gas Co.*, 193 F.Supp. 709 (E.D.Pa. 1961); *Minter v. Fowler*, 194 F.Supp. 660 (E.D.Pa.1961). Under § 1392(a), any civil action not of a local nature, brought against defendants residing in different districts in the same state, may be brought in any district where one of the defendants resides. The issue, therefore, is whether Beech can be deemed to be doing business within one of the districts in Pennsylvania.

Beech contends that the standard for "doing business" under § 1391 is far more stringent than the standard for "minimal contacts" in resolving questions of jurisdiction. *Remington Rand v. Knapp–Monarch, Co.*, 139 F.Supp. 613 (E.D.Pa.1956). The court in *Remington Rand* ruled that a corporation can be considered to be doing business within a state if its activities are such that *some* state, (not necessarily the forum state), would require it to be licensed to carry on those activities. *Id.* 617–18. I find the *Remington Rand* test a rather amorphous one to apply, and note that it has never been adopted by the Court of Appeals. Moreover, the general theory propounded in *Remington Rand*, that contacts with the forum state must be more substantial to support venue than to support juris-

diction, has been subject to scholarly criticism as being incongruous. Moore, Federal Practice, ¶ 0.142[5.–1–3], p. 1411 (1979).

 Regardless of whether the test for venue is more stringent than that for jurisdiction, I am satisfied that Beech's activities are sufficient to constitute "doing business" under § 1391(c). As noted in the discussion with respect to jurisdiction, Beech has long profited from the Pennsylvania market through the use of a distributorship system, and actively promotes its products in the Commonwealth. Its contacts are not a result of happenstance, but rather reflect a sustained interest in seeing its products sold and serviced here. In my view, this suffices to constitute doing business.

Since all three defendants may be considered to be residents of at least one district within Pennsylvania, and at least one of them, Bendix, does business in the Eastern District, venue is properly laid here under 28 U.S.C. § 1392(a).

Defendant Beech Aircraft Corporation's motion to dismiss will be denied.