**CES PUBLISHING CORP.**

v.

**DEALERSCOPE, INC.**

**Civ. A. No. 82–59.**

United States District Court, E. D. Pennsylvania.

Aug. 4, 1982.

---

Peter F. Marvin, Miller, Schreiber & Sloan, Philadelphia, Pa., for plaintiff.

G. Christyn Zappacosta, Benasutti Associates, Ltd., Philadelphia, Pa., for defendant.

## MEMORANDUM

LUONGO, Chief Judge.

Plaintiff, CES Publishing Corp. (CES), which publishes the electronic trade magazine *Consumer Electronics*, brought this action against Dealerscope, Inc., the publisher of a competing trade journal, *Dealerscope*. CES alleges that Dealerscope, Inc. placed advertisements in its own and other journals which falsely claimed, *inter alia*, that Dealerscope, Inc. ran "more ad pages than any other magazine" in the industry including *Consumer Electronics*. CES contends that, by running this allegedly false advertisement, Dealerscope, Inc. violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count I) and committed the state law torts of trade disparagement, unfair competition, and false advertising (Counts II–III). CES asserts that subject matter jurisdiction over this action is pursuant to 28 U.S.C. §§ 1331 & 1338, and 15 U.S.C. § 1121. Dealerscope, Inc. now moves to dismiss the action for lack of *in personam* jurisdiction and improper venue. F.R. Civ.P. 12(b)(2)–(3). Alternatively, Dealerscope, Inc. moves, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the District of Massachusetts. The record before me consists of the pleadings, answers to interrogatories, affidavits and exhibits to the motions. For the reasons stated hereafter this action will be transferred to the district of Massachusetts.

The facts relevant to these motions are as follows. CES is a Delaware corporation with its principal place of business in New York City. (Complaint ¶ 1). It is a wholly-owned subsidiary of International Thompson Business Press which is headquartered in Radnor, Pennsylvania. (Affidavit of Roland A. DeSilva, ¶ 3a, Exhibit 9 to CES' Answer to Motion to Dismiss, Document No. 16). CES publishes monthly the trade magazine *Consumer Electronics* which is "distributed to independent retailers, mass merchandisers, discount chains, hi-fi specialty shops, radio-TV appliance stores and department stores in the consumer-electronics industry." (Complaint ¶ 8). Eighty percent of the copies of *Consumer Electronics* are distributed to retail merchants. (*Id.*) CES distributes *Consumer Electronics* free of charge and relies solely on advertising to obtain revenues. (*Id.* ¶ 11).

Defendant, Dealerscope, Inc., is a Delaware corporation with its principal place of business in Waltham, Massachusetts. (*Id.* ¶ 12). Dealerscope, Inc. publishes *Dealerscope*, which like *Consumer Electronics*, is a trade journal which is distributed to persons and businesses in the appliance, television,

high-fidelity and consumer electronics industry. (*Id.* ¶ 9). Eighty percent of the copies of *Dealerscope* are supplied to retail merchants. *Dealerscope* is distributed free of charge and its corporate publisher relies solely on advertising to obtain revenues. (*Id.* ¶ 2). *Dealerscope* primarily solicits its advertising through telephone sales from its Waltham, Massachusetts place of business. (Affidavit of David E. Genger in Support of Motion to Dismiss (attached to Document No. 8)). As should be evident by now, *Dealerscope* competes with *Consumer Electronics* for advertising.

Dealerscope, Inc.'s sole contacts with Pennsylvania consist of sending copies of *Dealerscope* to retailers in Pennsylvania, (Exhibit 7 to Answer to Motion to Dismiss), calling Pennsylvania manufacturers from Massachusetts to solicit advertising, (*see, e.g.*, Genger Affidavit, Exhibit 4 to Answer to Motion to Dismiss), and occasionally sending salesmen into Pennsylvania to service accounts. (Exhibits 2–3 to Answer to Motion to Dismiss). In addition, *Dealerscope* runs ads for a number of Pennsylvania businesses. (Exhibit 5 to Answer to Motion to Dismiss). *Dealerscope's* available circulation totals reveal that Dealerscope, Inc. distributes between 2400 to 2600 copies of *Dealerscope* to Pennsylvania each month out of an approximate total circulation of between 30,000 and 34,000 copies per month.[1] (Exhibits 6–7 to Answer to Motion to Dismiss). Accordingly, Dealerscope, Inc. consistently distributes between 5–7% of its copies to Pennsylvania monthly. All of the administrative and mechanical work involved in publishing *Dealerscope* takes place in Waltham, Massachusetts. Dealerscope, Inc. maintains no place of business in Pennsylvania and has no dealers or jobbers in this Commonwealth. (Genger Affidavit).

The September 1981 issue of *Dealerscope* contained the advertisement which, along with an ad placed by Dealerscope, Inc. in another journal, is the subject matter of this action. This "house advertisement" en-

titled " 'Target Advertising Dollars' " provided:

> We [*Dealerscope*] run more ad pages than any other magazine in our industry . . . .
> More than *Consumer Electronics*, more than *Mart*, more than *Merchandising*.

(Complaint ¶ 20).

Dealerscope, Inc. also ran a similar advertisement making the identical claim in the October 19, 1981 issue of *Advertising Age*. *Advertising Age* is published weekly and its circulation on a six-month average is 76,896 copies, 22,617 of which are distributed to the Middle Atlantic states. No Pennsylvania circulation figures are available for *Advertising Age*.

CES filed this action on June 6, 1982 contending that the advertisements in *Dealerscope* and *Advertising Age* were false and that *Dealerscope* had violated § 43 of the Lanham Act and committed various state law torts. CES seeks, *inter alia*, (1) a permanent injunction enjoining Dealerscope, Inc. from claiming that *Dealerscope* "has contained or presently contains more pages of advertising than *Consumer Electronics*", (2) an order directing Dealerscope, Inc. to issue a retraction of the allegedly false claim made in the ads, (3) treble damages, and (4) an accounting from Dealerscope, Inc. of the profits it realized from its activities. (Complaint, Prayer for Relief).

Turning to the instant motions, I will not discuss the issues of jurisdiction and venue at length since my decision to transfer this action under § 1404(a) makes it unnecessary to engage in any extended analysis of these questions. However, I do hold that, although these issues are close, there is jurisdiction over Dealerscope, Inc. and that venue is properly laid in this district.

▇▇▇▇ Insofar as jurisdiction is concerned, Dealerscope, Inc. ships directly a not insignificant number of copies of *Dealerscope* into Pennsylvania each month and it actively solicits Pennsylvania businesses

---

1. In answers to interrogatories Dealerscope, Inc. supplied its total monthly circulation figures for January 1980–December 1981. It was only able to provide Pennsylvania circulation figures for May 1980, September 1980, November 1980, December 1980, March 1981, May 1981 and November 1981.

to advertise in *Dealerscope*. Accordingly, it appears to be "conducting a continuous and systematic part of its general business within this Commonwealth." 42 Pa.Cons.Stat. Ann. § 5301(2)(iii). *See Smith v. Avco-Lycoming,* 497 F.Supp. 622, 623 (E.D.Pa.1980). Further, CES which competes with Dealerscope, Inc. for advertising in this market, was possibly harmed by the false advertising in this Commonwealth. Pennsylvania arguably has an interest in providing a forum to non-resident businesses that are hindered in competing for Pennsylvania business because of false advertising by other non-residents. In addition, Pennsylvania has an interest in ensuring that resident businesses are not harmed by false advertising. On balance, these facts counsel strongly toward the exercise of jurisdiction. *See, e.g., Honda Associates, Inc. v. Nozawa Trading, Inc.,* 374 F.Supp. 886, 889 (S.D.N. Y.1974); *Scott Paper Company v. Scott's Liquid Gold, Inc.,* 374 F.Supp. 184, 186–188 (D.Del.1974).[2]

■ The venue issue is somewhat closer. As I have pointed out in the past, there is some question as to whether a finding that a company is doing business for the purposes of jurisdiction suffices to satisfy the requirement that the company be doing business in this district for the purposes of the venue statute, 28 U.S.C. § 1391(c).[3] *See Smith v. Avco-Lycoming, supra,* 497 F.Supp. at 624–625. Regardless whether the test for venue is more stringent than the test for jurisdiction, however, it appears that Dealerscope, Inc.'s activities in Pennsylvania are sufficient to support a finding that it is doing business here for purposes of venue. Again, Dealerscope, Inc. directly distributes its journal to Pennsylvania on a monthly basis and solicits Pennsylvania businesses to place advertising in *Dealerscope*. "Its contacts are not a result of

2. At oral argument, counsel for Dealerscope, Inc. contended for the first time that a number of recent Pennsylvania state court cases supported its argument that this court lacked jurisdiction. *See, e.g., Kenny v. Alexson Equipment Co.,* 495 Pa. 107, 432 A.2d 974 (1981); *Kingsley & Keith, etc. v. Mercer International Corporation,* 291 Pa.Super. 96, 435 A.2d 585 (1981); *Goff v. Armbrecht Motor Truck Sales, Inc.,* 284 Pa.Super. 544, 426 A.2d 628 (1981); *Union National Bank of Pittsburgh v. L.D. Pankey,* 284 Pa.Super. 537, 426 A.2d 624 (1980); *Mobay Chemical Corporation v. Air Products and Chemicals, Inc.,* 290 Pa.Super. 489, 434 A.2d 1250 (1981).

Out of these cases, only two involved the issue before me in the instant case, *i.e.,* whether Dealerscope, Inc.'s activities in this forum are continuous and substantial enough to support the exercise of jurisdiction. *See Union National Bank of Pittsburgh v. Pankey, supra; Mobay Chemical Corporation v. Air Products, etc., supra.* Both of these cases, however, are clearly distinguishable. In *Mobay* the court found that the defendant did no business in Pennsylvania at the time that the cause of action arose. In *Union National Bank,* the court found that an out-of-state Dental Institute which, during 1974–1978, sent 165–200 packets of information to dentists on request, could not be subjected to jurisdiction on a continuous and substantial theory. The court, however, took pains to point out that the defendant did not engage in any advertising or solicitation in this state. Here, I have concluded that Dealerscope, Inc. has engaged in a substantial and continuous pattern of advertising and solicitation in this state.

The other cases discussed by Dealerscope, Inc. are also inapposite. These cases involved application of the minimum contacts test to a cause of action arising in this forum. As the Third Circuit Court of Appeals and the Pennsylvania Superior Court have pointed out, that analysis is somewhat different than that employed in cases such as the instant one where the cause of action did not arise here. In cases such as this one the inquiry is solely whether the defendants' contacts are continuous and substantial enough to support jurisdiction. *See, e.g., Paolino v. Channel Home Centers,* 668 F.2d 721, 724 (3d Cir. 1981); *Schwilm v. Holbrook,* 661 F.2d 12, 15 (3d Cir. 1981); *Union National Bank, supra,* 426 A.2d at 627; *Goff v. Armbrecht Motor Truck Sales, Inc., supra,* 426 A.2d at 633.

3. CES asserts venue pursuant to 28 U.S.C. § 1391(b) which provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

CES does not argue that its cause of action arose in this district and it bases its argument in support of venue on its assertion that Dealerscope, Inc. resides in this district. 28 U.S.C. § 1391(c) provides that the residence of a corporation is "any judicial district in which it is incorporated or licensed to do business or is doing business."

happenstance," but rather reflect a conscious business decision by Dealerscope, Inc. to distribute its magazine in Pennsylvania and to solicit advertising in this Commonwealth. *Smith v. Avco-Lycoming, supra,* 497 F.Supp. at 624. Accordingly, I am satisfied that Dealerscope, Inc. has sufficient contacts with this forum to subject it to suit here.[4]

Turning now to Dealerscope, Inc.'s motion to transfer pursuant to 28 U.S.C. § 1404(a). I am satisfied that Dealerscope, Inc. has established that convenience of the parties and witnesses will be far better served by having this case proceed in the District of Massachusetts, accordingly, the action will be transferred.

Section 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The moving party has the burden of establishing that the statutory factors for transfer are present. *Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 756 (3d Cir. 1973). The district court, however, is "vested with a wide discretion" in determining whether these factors exist. *Id.*

On review of the record in the instant case it becomes quickly apparent that the only contact this cause of action has with this district is that this is where CES's counsel and its corporate parent are located. While CES alleges in conclusory terms that some documents or witnesses located in this district may be required for this case, it has not identified what or who they may be. (DeSilva Affidavit). CES' position is simply that its choice of forum is entitled to great weight and that it is more convenient for it to try this case in Philadelphia than in

Boston where the District of Massachusetts sits.

On the other hand, Dealerscope, Inc. has alleged through the affidavit of its president, David E. Genger, that all of its business records, directors, officers and employees are located in Waltham, Massachusetts. Dealerscope, Inc. has stated further that its business records and the testimony of its officers and employees are necessary because it intends to defend this action on the grounds that (1) the ads were true, and (2) the underlying facts and circumstances surrounding the running of the ads will establish that there is no liability. (Affidavit of G. Christyn Zappacosta, Esquire, ¶ 4, attached to Motion to Dismiss, Document No. 8). Moreover, in light of CES' prayer for an accounting in this action, Dealerscope, Inc.'s business records, all of which are located in Massachusetts, are particularly relevant to CES' claim.

Dealerscope, Inc. also alleges that trial of this action in Philadelphia will require its employees, officers and directors to travel to Philadelphia for depositions and trial, and will cause disruption and monetary loss to its business. Dealerscope, Inc. has only twenty-seven employees (Genger Affidavit) and the potential for disruption of its business appears to be real if it is forced to litigate this case in a far away forum. I am satisfied from the affidavits submitted that Dealerscope, Inc. and its witnesses will suffer great inconvenience if forced to defend this action in the Eastern District of Pennsylvania.

Normally the " 'plaintiff's choice of forum is entitled to great weight and is not to be disturbed unless the balance of convenience strongly favors the defendants' forum.' " *Blanning v. Tisch,* 378 F.Supp. 1058, 1060 (E.D.Pa.1974), *citing Shutte v.*

---

4. While I hold that there is jurisdiction over Dealerscope, Inc. and that venue is proper in this district, I note that the resolution of these issues is somewhat academic. The law is clear that I have the power to transfer this action even if there is no personal jurisdiction over Dealerscope, Inc. *Schwilm v. Holbrook,* 661 F.2d 12, 15 (3d Cir. 1981); *United States v. Berkowitz,* 328 F.2d 358, 361 (3d Cir.), *cert.*

*denied,* 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964). Similarly, the fact that venue is improper here does not preclude a transfer to a proper forum. 28 U.S.C. § 1406. Accordingly, even if Dealerscope, Inc. had persuaded me that I lacked the power to hear this action, I would still have exercised my discretion to transfer. No purpose would be served by requiring CES to start suit anew.

*Armco Steel Corporation,* 431 F.2d 22 (3d Cir. 1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). However plaintiff's choice is entitled to less weight where, as here, plaintiff is not a resident of the forum and the cause of action did not arise here. *May v. Marine Navigation Sulphur Carriers, Inc.,* slip op. No. 77–829 at 5 (E.D.Pa., March 19, 1982) (Becker, C.J., sitting by designation). In my view the inconvenience that will be suffered by Dealerscope, Inc., if forced to defend here, far outweighs CES' choice of this forum. This cause of action has no relationship to this forum other than that Dealerscope, Inc. happens to distribute its magazine here. CES has not asserted with particularity that any evidence or witnesses relevant to this action are located here. The fact that CES' counsel resides here is simply irrelevant to the issue of transfer. *Solomon v. Continental American Life Insurance Company,* 472 F.2d 1043, 1047 (3d Cir. 1973). So too is the fact that CES' corporate parent is located here. Except in the most conclusory terms, CES does not assert that its parent will be involved in this action in any manner.

A significant factor in my determination to transfer this action is that, whether this action proceeds here or in Boston, CES, which is located in New York, will have to travel almost an equal distance in order to litigate this suit. It does not appear that CES will be significantly more inconvenienced by having to travel from New York to Boston as opposed to New York to Philadelphia. Since CES is willing to proceed in a foreign forum in any event, any additional inconvenience that it may suffer from having to travel to Boston pales in comparison to the inconvenience that Dealerscope, Inc. will suffer by having to defend in Philadelphia. *See, e.g., Waldman v. Acceleration Corporation,* slip op. No. 79–4551 at 4 (E.D.Pa., Nov. 10, 1980). Accordingly,

Dealerscope, Inc. has met its burden of establishing that the convenience of the parties and witnesses will be served by a transfer of this action to the District of Massachusetts.[5] I will, in the interest of justice, transfer this action to that district. 28 U.S.C. § 1404(a).

---

5. Since Dealerscope, Inc. has its principal place of business in Massachusetts there is no doubt that it is subject to suit in that district. In an affidavit submitted by CES, there is some suggestion that New York would be a proper forum. I have not considered New York as a forum for this action for two reasons. First, CES has not formally requested that if this case is transferred, it be transferred to New York. Second, there is nothing in this record from which it could be determined that Dealerscope, Inc. would be subject to suit in New York.