**BEVERAGE MARKETING CORP., Plaintiff,**

v.

**EMERALD COAST SPRING WATER CO., INC. and Alan R. Gibson, Defendants.**

**No. 88 Civ. 1637 (DNE).**

United States District Court, S.D. New York.

Oct. 20, 1988.

---

Jules A. Epstein, Blodnick, Pomeranz, Reiss, Schultz & Abromowitz, P.C., New York City, for plaintiff.

John W. Wall, New York City, for defendants.

## MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

Plaintiff instituted this action in the Southern District of New York basing jurisdiction on 28 U.S.C. § 1332. Defendant moves to transfer the action to the Northern District of Florida pursuant to 28 U.S. C. § 1404.

## THE CLAIM

This is an action in diversity for a finder's fee pursuant to a written contract. Formerly in the bottled water business, defendant Emerald Coast Spring Water was a Florida Corporation with its principal place of business in Destin, Florida. Defendant Gibson, former president and chief executive of Emerald, is a resident of Destin, Florida. Plaintiff Beverage Marketing is an Ohio corporation with its principal place of business in New York City. Plaintiff seeks damages in the amount of $100,-

000 for defendant's alleged breach of an acquisition services contract.

The contract between plaintiff and defendant Emerald provides in pertinent part:

Should the Company [Emerald] be acquired, financially invested in, receive royalty payments or receive any type of additional consideration from any but the following five parties:

A) Sammons Enterprises, Inc.

B) Composite, Inc.

C) Hinkley Schmitt Water Company

D) Bill Young

E) Crawford Rainwater

Beverage Marketing will be compensated by the Company as follows:

A) Five percent of the total consideration paid by the buyer/investor if BMC provided information which led to the Transaction, or

B) One percent of the total consideration paid by any other buyer/investor even if unknown to BMC with the exception of the five parties stated above.

The contract was drafted by plaintiff in New York and mailed to defendant Emerald at its principal place of business in Florida. Defendant Gibson signed the contract and returned it by mail to plaintiff. The contract does not contain any provisions with respect to venue or choice of law.

Pursuant to an agreement dated January 22, 1988 among Emerald, Gibson and the Clorox Company, Clorox purchased substantially all of Emerald's assets as well as valuable personal assets of Gibson. Plaintiff maintains that pursuant to the contract between plaintiff and defendant Emerald, it is entitled to five percent of the total amounts paid by Clorox whereas defendant contends that plaintiff is entitled to no more than one percent of the sum paid by Clorox to Emerald alone.[1]

Defendants allege that discussions with Clorox[2], began before plaintiff and Emer-

---

1. As plaintiff points out, at issue is standard contract interpretation.

2. Negotiations with Clorox were conducted through the Aspen Water Company, one of Clorox's subsidiaries.

ald entered into the instant contract.[3] Defendants allege that these discussions ensued with the president of the subsidiary, Richard Woodham, and a Clorox representative, Bud Anderson. Defendants motion papers state that they would like to call the above named individuals as witnesses in the instant action.[4] Defendants further allege that neither Mr. Woodham nor Mr. Anderson could be subpoenaed to testify in the Southern District of New York. Furthermore, defendants suggest that neither party will agree to testify if his appearance cannot be compelled. Defendants maintain that the inability to call these two individuals as witnesses would seriously prejudice their defense of this suit. Consequently, defendants have brought this § 1404 motion to transfer venue to the Northern District of Florida where defendants allege that the witnesses' appearance may be compelled.

Defendants argue that transfer of venue should be made in the instant case for the following reasons:

1) To obtain the testimony of important third party witnesses in a forum where their testimony may be compelled;

2) The convenience of witnesses;

3) The location of relevent witnesses and documents;

4) Where the events in issue occured;

5) The docket conditions of the respective courts; and

6) The interests of justice in general.

## TRANSFER OF VENUE

28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil litigation to any other district or division where it might have been brought." [5] The court has broad discretion in deciding whether to grant a motion to transfer venue. *Heyco, Inc. v. Heyman,* 636 F.Supp. 1545 (S.D.N.Y.1986); *Kirshner v. Mlotok,* No. 84 Civ. 6833, slip op. (S.D.N.Y. April 24, 1985) [available on WESTLAW, 1985 WL 555]. In exercising its discretion, a court will examine the following factors: where the operative facts occured, the location of relevent witnesses and documents, the convenience of the parties, the plaintiff's choice of forum and the docket conditions of the transferor and the transferee court. *Eichenholtz v. Brennan,* 677 F.Supp. 198, 199–200 (S.D.N.Y. 1988). The burden of establishing that transfer of venue is appropriate under § 1404(a) is on the moving party. *See Richardson Greenshields Securities, Inc. v. Metz,* 566 F.Supp. 131 (S.D.N.Y.1983). Notably, plaintiff's choice of forum is given considerable deference. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Eichenholtz,* 677 F.Supp. at 201. Therefore, defendants must show that the balance of convenience weighs clearly in their favor. *Sheet Metal Workers' National Pension Fund v. Gallagher,* 669 F.Supp. 88 (S.D.N.Y.1987); *see Heyco, Inc.,* 636 F.Supp. at 1549.

## TESTIMONY OF THIRD PARTY WITNESSES

Defendants maintain that critical defense witness testimony may be obtained in the Northern District of Florida which would be unavailable in New York.[6] Upon this

3. Whether, as plaintiff suggests, defendant should have added Clorox to the list of excluded parties touches upon the ultimate merits of this case, which the court defers ruling on at this time.

4. These witnesses would support defendants claim that negotiations between Emerald and Clorox had occurred before Emerald and plaintiff entered the contract. If this were proven, defendants maintain that the one percent clause of the contract would apply, rather than the five percent fee.

5. Due to the residences of the parties, this action could have properly been brought in either the Southern District of New York or the Northern District of Florida.

6. Under the laws of the state of Florida, which permit statewide service of a subpoena, the testimony of unwilling witnesses may be compelled. Consequently, defendants assert that the live testimony of Mr. Anderson and Mr. Woodham would be available in the Northern District of Florida.

premise, defendants insist that the transfer to Florida from New York is justified.

Plaintiff's reply papers point out that the two non-party witnesses' testimony would only be material with respect to one of the three relevent issues in this case.[7] Moreover, plaintiff suggests that defendants ought to be required to make a more affirmative showing of defendants' intention to call these witnesses to warrant the court's consideration of a motion to transfer venue. Furthermore, plaintiff suggests that these witnesses are in fact subject to this court's subpoena power by virtue of their employment with Clorox and their association with the Lodi, New Jersey facility which is within 100 miles of this court.[8]

In requesting that venue be transferred due to to the alleged unavailability of these witnesses in the Southern District of New York, defendants do not meet their requisite burden. Defendants have failed to affirmatively show that these witnesses will be called. Additionally, defendants have not responded to plaintiff's allegations that these witnesses may in fact be subject to subpoena in New York. Since defendants have not yet explored that option, the court will not have defendants' interests override plaintiff's choice of forum.

## THE CONVENIENCE OF THE PARTY WITNESSES

Defendants suggest that the only witnesses for whom New York is a convenient forum are Mr. Bellas and Mr. Mack, both plaintiff's witnesses. Further, defendants allege that Mr. Gibson would be inconvenienced with a New York trial. Based on convenience of party witnesses, the ratio of convenience would be 2:1, in favor of New York. Consequently, in this regard, plaintiff's choice of forum overrides defendants' interests in transferring this litigation.

## THE LOCATION OF WITNESSES AND DOCUMENTS

It is defendants contention that all of the relevent witnesses and documents are in Florida, except for Mr. Bellas, Mr. Mack and the original contract. Plaintiff counters that there are no conceivable documents relevent to the trial of the instant action other than the original contract. Moreover, as stated above, the convenience of party witnesses tips in plaintiff's favor. As to non-party witnesses, although both Mr. Anderson and Mr. Woodham are in Florida, the location of these witnesses is not dispositive. As suggested by plaintiff, these witnesses may be available in New York. Defendants have done nothing to explore or refute this contention. Where plaintiff's witnesses are more readily available in New York and defendants witnesses are more readily available in Florida, trial would proceed as expeditiously in one forum as in another. Where material witnesses and records are equally available in two forums, and defendants fail to demonstrate that trial in the transferee forum will be more convenient, the motion for transfer should be denied. *Usden v. Dunn Paper Company*, 392 F.Supp. 953, 959–60 (E.D.N.Y.1975).

## LOCATION OF THE EVENTS IN ISSUE

Defendants contend that the events in issue occured primarily in Florida and that

7. The three relevant, triable issues of fact asserted by plaintiff are: 1) did the parties intend that Clorox/Aspen be part of the excluded group of potential acquirors referred to in the pertinent part of the contract; 2) did plaintiff provide information to Clorox, within the meaning of the contract, leading to Clorox's aquisition of defendants' assets; and 3) should plaintiff's commission be calculated based upon the total consideration paid by Clorox to Emerald and Gibson or only upon the sale of Emerald's assets.

8. If this is indeed true, these witnesses would be subject to the subpoena power of the Southern District of New York pursuant to Rule 45(e)(1) of the Federal Rules of Civil Procedure which provides, in pertinent part, that:

> A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the district, or at any place within the district that is within 100 miles of the place of the hearing specified in the subpoena, or at a place within the state within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place where the district court is held.

only preliminary negotiations among Bellas, Mack and Gibson and the drafting of the contract occurred in New York. Plaintiff agrees that preliminary negotiations and the drafting of the contract occurred in New York and further alleges that the services were also rendered in New York. Moreover, plaintiff suggests that New York law will govern. While defendants do not offer which state's law will apply, if New York law is indeed controlling, transfer of the forum would not be favored in light of the preceding factors. In this instance, defendants have not met the burden of overriding plaintiff's choice of forum.

### DOCKET CONDITIONS OF THE TRANSFEROR AND TRANSFEREE COURTS

Although relative docket conditions of the respective courts are to be considered in a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), *A. Olinick & Sons v. Dempster Brothers Inc.*, 365 F.2d 439, 445 (2d Cir.1966), docket conditions are not dispositive of such a motion. *Dow Jones & Co. v. Board of Trade*, 539 F.Supp. 190, 192–3 (S.D.N.Y.1982). With all due respect to the Northern District of Florida, it is unlikely that any court bears as crushing a burden as does the Southern District of New York. Nonetheless, extensive caseloads, considered alone, afford no relief to judges or to the defendants in this case.

### INTERESTS OF JUSTICE

Plaintiff's choice of forum should be rarely rejected. *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843. In this instance, plaintiff is an Ohio corporation with a strong connection with the chosen forum. *But see Eichenholtz*, 677 F.Supp. at 201–02; *CES Publishing Corp. v. Dealerscope, Inc.*, 544 F.Supp. 656, 662 (E.D.Pa.1982). Plaintiff's choice of forum is not to be disturbed unless the balance of convenience and the interests of justice weigh heavily in defendants' favor. *Lykes Brother Steamship Co. v. Sugarman*, 272 F.2d 679 (2d Cir.1959); *St. Hilaire v. Shapiro*, 407 F.Supp. 1029, 1031 (S.D.N.Y.1976). Insofar as defendants have not made a strong case for their most persuasive issue, that of the unavailability of the non-party witnesses, this court cannot find that the balance of convenience weighs more heavily in favor of transfer to the Northern District of Florida. The interests of justice favor proceeding in this forum. Accordingly, the motion to transfer is denied.

### CONCLUSION

Defendants' motion to transfer pursuant to 28 U.S.C. § 1404 is denied.

SO ORDERED.