**LIBRARY PUBLICATIONS, INC.**

v.

**HEARTLAND SAMPLERS, INC.**

**Civ. A. No. 93–1042.**

United States District Court,
E.D. Pennsylvania.

June 15, 1993.

702

Arthur H. Seidel and Nancy A. Rubner–Frandsen, Seidel, Gonda, Lavorgna & Monaco, P.C., Philadelphia, PA, for plaintiff.

Roberta Jacobs–Meadway, Panitch Schwarze Jacobs & Nadel, Philadelphia, PA and John A. Clifford, Merchant, Gould, Smith, Edell, Welter & Schmidt, P.A., Minneapolis, MN, for defendant.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Plaintiff Library Communications, Inc. ("Library"), a Pennsylvania corporation, alleges that defendant Heartland Samplers, Inc. ("Heartland"), a Minnesota corporation, violated § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by marketing and selling books using Library's trade dress.[1] Defendant concedes that this court has subject matter jurisdiction under 28 U.S.C. § 1338 (Answer ¶ 36), but contends that this court cannot exercise personal jurisdiction over it and that venue is improper (Answer ¶ 6). For the reasons set forth below, this court does have personal jurisdiction over the defendant, and venue lies in this district.

In 1992, Heartland sold to retailers in Pennsylvania 21,974 books for $88,564.45, 1.7 percent of its total sales; through April of

---

1. In addition to alleging trade dress infringement/unfair competition and false designation/unfair competition under the Lanham Act, plaintiff also alleges common law trademark infringement, common law unfair competition, common law unjust enrichment and dilution under an unspecified state antidilution law (Amended Complaint ¶¶ 9, 35, 51, 58, 72, 75).

1993, the month before plaintiff took discovery on jurisdictional issues, Heartland had sold 11,480 books for $33,982.15, 1.3 percent of its total sales, to customers in Pennsylvania. (Plaintiff's Memorandum in Support of the Exercise of Personal Jurisdiction, Exhibit A: Second Set of Interrogatories, 65a, 66a).[2] The company sends its products and related communications directly to customers in Pennsylvania (Ex. D, Ex. E). During the last three years, Heartland has regularly advertised its products in national magazines with large circulations in Pennsylvania (Ex. A: 57a, b, c). In addition, Heartland contracted with a sales representation company for solicitation of business in Eastern Pennsylvania (Ex. H). It also sent an employee to a trade show in Philadelphia (Ex. A: 89, Ex. G), located in this District.

Heartland has sold 1,887 of the allegedly infringing books for $5,355 to 34 customers within the Commonwealth, including 1,372 for $3,855 to 25 customers within the Eastern District (Ex. A: 51, 52, 63a, 64a). Heartland has advertised the allegedly infringing books in a national publication with circulation in Pennsylvania and has sent a catalog advertising the allegedly infringing books to customers in Pennsylvania and the Eastern District (Ex. A: 55a, b, c). Heartland's employee attended the trade show in January 1993 (Ex. A: 89), the month the allegedly infringing books were first sold in Pennsylvania (Ex. A: 71).

Federal Rule of Civil Procedure 4(e) authorizes personal jurisdiction over non-resident defendants to the extent permissible under the law of the state in which the court sits. The Pennsylvania long-arm statute provides for the exercise of personal jurisdiction over a non-resident corporate defendant where: (1) the corporation maintains "a continuous and systematic part of its general business" in Pennsylvania (42 Pa.Cons.Stat. Ann. § 5301(a)(2)(iii)); or (2) the cause of action arises from the defendant's contacts with Pennsylvania and the defendant has the "most minimum contact" with Pennsylvania necessary under the due process clause of the Constitution (42 Pa.Cons.Stat.Ann. § 5322(b), (c)).

■ The parties agree that defendant's contacts with Pennsylvania are not continuous and systematic (Plaintiff's Memorandum in Support of the Assertion of Personal Jurisdiction, at 6; Defendant's Memorandum in Support of Finding of Lack of Personal Jurisdiction, at 7), and the facts support this conclusion. *See, e.g., Gehling v. St. George's School of Medicine, Ltd.,* 773 F.2d 539 (3d Cir.1985).

■ We must determine whether exercise of this court's jurisdiction over Heartland comports with due process. Under *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny, a defendant who does not consent to jurisdiction may be subject to the court's personal jurisdiction if it satisfies the requirements for either general or specific jurisdiction. General jurisdiction requires continuous and systematic contacts with the forum state, while specific jurisdiction requires minimum contacts specifically related to the actions giving rise to the case. *Mellon Bank (East) v. DiVeronica Bros.,* 983 F.2d 551, 554 (3d Cir.1993) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 416, 104 S.Ct. 1868, 1872, 1873, 80 L.Ed.2d 404 (1984)).

■ Since Heartland's contacts with Pennsylvania are not continuous and systematic, its contacts must meet the standard for specific jurisdiction. The plaintiff must establish that the claim is related to or arises out of defendant's contacts with the forum state, that the contacts are such that the defendant " 'should reasonably anticipate being haled into court there,' " *Mellon Bank (East) v. DiVeronica Bros.,* 983 F.2d at 554 (quoting *World-wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)), and that through some act the defendant " 'purposely avail[ed] itself' " of the privilege of doing business in that state. *Mellon Bank (East) v. DiVeronica Bros.,* 983 F.2d at 554 (quoting *Hanson v.*

---

**2.** All subsequent factual references are to exhibits incorporated in plaintiff's Memorandum in Support of the Assertion of Personal Jurisdiction.

*Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958)).

Plaintiff's claims arise out of the marketing and sale of the allegedly infringing books in the Commonwealth. *See Parliament Import Co. v. Gibson Wine Co., Inc.,* 537 F.Supp. 72, 73 (E.D.Pa.1982) (citing *Tefal, S.A. v. Products International Co.,* 529 F.2d 495, 496 (3d Cir.1976); *Vanity Fair Mills v. T. Eaton Co.,* 234 F.2d 633, 639 (2d Cir.1956), *cert. denied,* 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956) ("the wrong takes place not … where the goods are wrapped in the misleading packages, but where the passing off occurs, i.e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's")).

By shipping its products and sending correspondence directly to the Commonwealth, sending its employee to Philadelphia to solicit business, hiring the sales representative for Pennsylvania, and using advertising designed to reach Pennsylvania, Heartland purposely availed itself of the privilege of doing business in this Commonwealth; it should reasonably anticipate being haled into court here. *See World–Wide Volkswagen Corp.,* 444 U.S. at 295, 100 S.Ct. at 566 (no personal jurisdiction where defendant failed to make direct or indirect efforts to serve the market in the forum state). *See also Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (personal jurisdiction where defendant's allegedly libelous national publication reached the forum state); *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) (personal jurisdiction where defendant's allegedly libelous national publication reached the forum state); *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) (personal jurisdiction where defendant sold a single insurance policy in the forum state).

Heartland's contacts here are more extensive than those of other defendants subjected to the specific jurisdiction of courts in the Third Circuit. *See Mellon Bank (East) v. Farino,* 960 F.2d 1217 (3d Cir.1992) (personal jurisdiction where nonresident defendants negotiated and executed guarantee and surety agreements by approaching the Washington branch office of a Pennsylvania bank and later corresponding with the bank in Pennsylvania); *Mesalic v. Fiberfloat Corp.,* 897 F.2d 696 (3d Cir.1990) (personal jurisdiction where nonresident defendant sold one boat to a New Jersey plaintiff); *Spelling–Goldberg Productions v. Bodek & Rhodes,* 452 F.Supp. 452, 453–54 (E.D.Pa.1978) (personal jurisdiction where defendants, allegedly violating plaintiff's trademark, shipped merchandise directly into Pennsylvania).

The present case is factually distinguishable from *Mellon Bank (East) v. DiVeronica Bros.,* 983 F.2d 551, where the court held there was no specific personal jurisdiction because the corporate defendant did not purposefully avail itself of the privilege of doing business in Pennsylvania. Third parties had initiated several of the defendant's contacts with the Commonwealth through unilateral acts. In the present case, there is no intervening third party; Heartland initiated its own contacts with Pennsylvania.

The present case is also distinguishable from *Max Daetwyler Corp. v. R. Meyer,* 762 F.2d 290, 300 (3d Cir.1985), on which the defendant relies. There, the court did not exercise personal jurisdiction because the corporate defendant's products reached Pennsylvania only through an independent distributor, who took title to the products in West Germany and sold them here as its own products. By contrast, Heartland ships its products under its own name directly to customers in the Commonwealth.

A defendant may defeat the court's jurisdiction by establishing that it is inconsistent with notions of " 'fair play and substantial justice' ". *Mellon Bank (East) v. Farino,* 960 F.2d at 1226 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477, 105 S.Ct. 2174, 477–78, 85 L.Ed.2d 528 (1985)). But Heartland has not made such an argument, nor can it. This court affirms its exercise of personal jurisdiction over the defendant and strikes lack of personal jurisdiction as an affirmative defense.

■ Defendant also contends that venue is improper in this district. Since the Lanham Act has no venue provision, venue is determined by 28 U.S.C. § 1391. *Mida Manufac-*

*turing Co. v. Femic, Inc.*, 539 F.Supp. 159, 162 (E.D.Pa.1982). In actions not based on diversity jurisdiction, venue lies in a "judicial district in which any defendant resides, if all defendants reside in the same state." 28 U.S.C. § 1391(b)(1). Under the 1988 amendments to § 1391, a corporate defendant resides in any district in which it would be subject to personal jurisdiction at the time the action is commenced. In a state which has more than one district, the defendant's contacts in that district must be sufficient to subject it to personal jurisdiction as if that district were a state. 28 U.S.C. § 1391(c).

■ A substantial part of defendant's contacts relating to plaintiff's claim occurred in the Eastern District, so Heartland would be subject to this court's personal jurisdiction at the time this action commenced if this District were a state. Heartland is a resident of the Eastern District for venue purposes, and venue lies under 28 U.S.C. § 1391(b)(1). *Dakota Industries v. Dakota Sportswear*, 946 F.2d 1384, 1392 (8th Cir.1991); *Dave Guardala Mouthpieces, Inc. v. Sugal Mouthpieces, Inc.*, 779 F.Supp. 335, 338 (S.D.N.Y.1991). The court strikes lack of proper venue as a defense.[3]

An appropriate order follows.

### ORDER

AND NOW, this 15th day of June, 1993, for the reasons stated in the accompanying memorandum, it is **ORDERED** that:

1. Defendant's affirmative defense of lack of personal jurisdiction, reserved under Fed. R.Civ.P. 12(h)(1)(B), is **STRICKEN.**

2. Defendant's affirmative defense of lack of proper venue, reserved under Fed. R.Civ.P. 12(h)(1)(B), is **STRICKEN.**

---

**3.** Defendant has made no motion to transfer this action to a more convenient forum under 28 U.S.C. § 1404. The court can transfer without such a motion, but must accord the parties the opportunity to brief the transfer issue. *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C.Cir.1974); *Robinson v. Town of Madison*, 752 F.Supp. 842 (N.D.Ill.1990). The court has accorded the parties an opportunity to brief only the issue of whether venue was improper, not whether the court should transfer to a more convenient forum, so a § 1404 transfer will not be considered.