**MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, Plaintiff,**

v.

**Wilma Joyce RAJCHER, Wilma Joyce Rajcher M.D., Inc., Jarnel Financial Services, Ltd., Richard D. Fritz and Robert L. Boynton, Defendants.**

**No. 84 Civ. 4044 (LFM).**

United States District Court, S.D. New York.

May 22, 1985.

Robert L. Boynton, pro se.

Brown, Wood, Ivey, Mitchell & Petty, New York City by James R. Manning, New York City, for plaintiff.

## OPINION

MacMAHON, District Judge.

Defendant Robert L. Boynton ("Boynton") moves, pursuant to Rule 12(b)(1), (2), (3) and (6), Fed.R.Civ.P., to dismiss the complaint or to quash the return of summons on the grounds of lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. Alternatively, Boynton seeks to transfer this action to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1404(a).

## FACTS

Plaintiff brought this action for violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b–5 of the Securities and Exchange Commission, 17 C.F.R. § 240.10b–5. Plaintiff alleges that defendants fraudulently schemed to acquire a significant portion of the outstanding common stock of Information Displays, Inc. and obtained $8.5 million in loans and/or lines of credit from the National Bank of Carmel, California, to effectuate their scheme. Boynton is alleged to be an aider and abettor because he knowingly and substantially assisted in the scheme by approving the loans and/or lines of credit with the knowledge that the funds would be used fraudulently to acquire the stock.

## DISCUSSION

Boynton initially contends that personal jurisdiction is lacking because he is a resident of California and has had no contact with the State of New York regarding this transaction. Personal jurisdiction over Boynton is based on nationwide service of process, authorized by Section 27 of the Exchange Act, 15 U.S.C. § 78aa, which provides that process may be served in any district of which the defendant is an inhabitant or wherever the defendant may be found.

In asserting nationwide service, the constraints of the due process clause of the Fifth Amendment still apply. "Thus, the service authorized by statute must be reasonably calculated to inform the defendant of the pendency of the proceedings in order that he may take advantage of the opportunity to be heard in his defense." *Mariash v. Morrill,* 496 F.2d 1138, 1143 (2d Cir. 1974). The contacts necessary for jurisdiction are between the defendant and the United States because it is the United States, and not the State of New York, which exercises its jurisdiction. *Id.* at 1143; *Garner v. Enright,* 71 F.R.D. 656, 660 (E.D.N.Y.1976). Since Boynton resides within the territorial boundaries of the United States and service of process was sufficiently effective, the requirements for personal jurisdiction over him are satisfied.

Boynton next contends that there is a lack of subject matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted because he did not make, and there is no allegation that he made, any purchase or sale of a security, or use of interstate commerce or of the mails, as required by Section 78j(b). Boynton fails to recognize, however, that his liability is based on his status as an aider and abettor, which is sufficiently alleged in plaintiff's third cause of action. *Somerville v. Major Exploration, Inc.,* 576 F.Supp. 902, 913 (S.D.N.Y.1983). Boynton's claims here are without merit.

Boynton also contends that this action should be dismissed for improper venue. An action to enforce this statute may be brought in the district wherein any act or transaction constituting the violation occurred. 15 U.S.C. § 78aa. The alleged violations concern transactions executed by plaintiff through its New York trading desk and involve a registered securities exchange located in the Southern District of New York. *Blau v. Lamb,* 242 F.Supp. 151, 159–60 (S.D.N.Y.1965), *aff'd,* 363 F.2d 507 (2d Cir.1966), *cert. denied,* 385 U.S. 1002, 87 S.Ct. 707, 17 L.Ed.2d 542 (1967). Venue is proper here.

As an alternative, Boynton requests that this action be transferred to the United States District Court for the Northern District of California. The venue provision of the Exchange Act was designed to allow the plaintiff the widest possible choice of forum, which will not be disturbed unless the movant shows that the balance of convenience and justice weighs heavily in favor of transfer. *Somerville, supra,* 576 F.Supp. at 908. Boynton has failed to make that showing.

Accordingly, defendant Boynton's motion to dismiss the complaint or to transfer this action is denied in all respects.

So ordered.