**Warren E. CAIN**

v.

**Anthony F. DeDONATIS, Jr.**

**Civ. A. No. 87–1851.**

United States District Court,
E.D. Pennsylvania,
Civil Division.

April 4, 1988.

Marc A. Landry, Philadelphia, Pa., for plaintiff.

Joseph VanHorn, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

This is a diversity action by a plaintiff residing in the District of Delaware, against a defendant residing in the Middle District of Pennsylvania, arising out of a motor vehicle accident in the Middle District of Pennsylvania. Plaintiff brought the action in the Eastern District of Pennsylvania. Defendant has, subsequent to answering the complaint, requested transfer to the Middle District of Pennsylvania. All witnesses to the accident, except plaintiff, live in the Middle District of Pennsylvania.

Venue in a diversity action is based on 28 U.S.C. § 1391(a) which provides:

"(a) A civil action wherein jurisdiction is founded on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside or in which the claim arose."

This case could have been brought in the District of Delaware, where plaintiff resides, or in the Middle District of Pennsylvania, where defendant resides and where the claim arose. Venue does not lie in the Eastern District of Pennsylvania. However, the venue provisions of 28 U.S.C. § 1391(a) are "not a qualification upon the power of the court to adjudicate, but a limitation designed for the convenience of litigants, and, as such, may be waived by them." The plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquished his right to object

to the venue. But unless the defendant has also consented to be sued in that district, he has the right to invoke the protection which congress has afforded him. *Olberding v. Illinois Central R. Co.*, 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39 (1953).

The questions to be resolved are: (1) Does it matter whether defendant has waived his right to object to venue? (2) If it does matter, has he? (3) What remedy remains to the court?

■ My answer to the first question is that waiver of venue would matter if defendant were seeking dismissal. He is not doing so, but is only seeking transfer. Having answered the first question as I have, I will answer the second by assuming *arguendo* that defendant has waived his right to object. "A defense of . . . improper venue . . . is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." Fed.R.Civ.P. 12(h); *see also Granger v. Kemm, Inc.*, 250 F.Supp. 644 (E.D.Pa.1966). The complaint was filed March 31, 1987, and defendant's answer was filed August 21, 1987. The motion to transfer was not filed until February 10, 1988.

■ Which brings me to the question of remedy. I concede that 28 U.S.C. § 1404 is not applicable here, because it concerns cases where venue is properly laid but there is good cause to transfer to another court where venue could also be properly laid. In this case, however, we are dealing with a defect in venue. *Junior Spice, Incorporated v. Turbotville Dress, Inc.*, 339 F.Supp. 1189 (E.D.Pa.1972). Jurisdiction is preserved by 28 U.S.C. § 1406(b), which provides:

> "Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."

Having jurisdiction leaves me with the question of deciding proper venue. The court has the power to transfer the case to a district where venue is proper and the transferee court has jurisdiction. . . .

*Weiss v. Rizzoli Intern Publications, Inc.*, 616 F.Supp. 837 (D.C.Ill.1985) citing *CES Publishing Corp. v. Dealerscope, Inc.*, 544 F.Supp. 656, 659 n. 1 (E.D.Pa.1982) and *Seabrook Foods, Inc. v. Seabrook Brothers & Sons, Inc.*, 495 F.Supp. 792, 794 (S.D.N.Y.1980). A district court may transfer a civil action to another district in which it might have been brought if the transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The moving party bears the burden of justifying the transfer. The court has broad discretion in deciding whether transfer is warranted. *See Plum Tree v. Stockment*, 488 F.2d 754, 756 (3d Cir.1973).

■ A motion to transfer is determined by the same factors relevant to a determination of a *forum non conveniens* motion, but the discretion given to the district judge is broader in deciding a change of venue. *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). The court must consider both the public interest and the private interests of the parties. The factors to be considered are:

1. plaintiff's choice of forum;
2. relative ease of access to sources of proof;
3. availability of compulsory process for attendance of unwilling witnesses;
4. cost of obtaining attendance of willing witnesses;
5. possibility of viewing premises, if applicable;
6. all other practical problems that make trial of a case easy, expeditious, and inexpensive; and
7. "public interest" factors, including the relative congestion of court dockets, choice of law considerations, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation.

*Gulf Oil v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

■ A plaintiff's choice of forum normally is entitled to great weight. This choice is deserving of less weight where none of the parties reside and none of the operative facts of the action occur in the

forum selected by the plaintiff. *Schmidt v. Leader Dogs for the Blind, Inc.*, 544 F.Supp. 42, 47 (E.D.Pa.1982); *Fitzgerald v. Central Gulf Steamship Corp.*, 292 F.Supp. 847, 849 (E.D.Pa.1968).

In applying these tests to the case at hand, we find that the alleged operative acts giving rise to this cause of action took place in the Middle District of Pennsylvania, where the defendant resides. In fact, the only connection of this case with the Eastern District of Pennsylvania is the location of plaintiff's and defendant's counsel. Defendant seeks the transfer and it is only plaintiff who opposes it. The record indicates no mistake with regard to the residence of the parties or the locus of the cause of action. Plaintiff, having had his opportunity to choose the forum, and having chosen improperly, I will now exercise my judgment in the matter.

Witnesses and evidence are all, with the exception of plaintiff, to be found in the Middle District of Pennsylvania, as is the accident site. Aside from counsel, only the plaintiff himself would be required to travel any substantial distance to the Middle District, unlike the situation in the Eastern District.

Based on these factors, I will direct the Clerk to transfer this matter to the United States District Court for the Middle District of Pennsylvania.