The STANLEY WORKS

v.

**Barry KAIN, Don Kain, Michael Laney, Robert Merkow, Renee Merkow and Ronald Scheinman.**

**Case No. 3:93–CV–515 (JAC).**

United States District Court, D. Connecticut.

Sept. 20, 1993.

Robert W. Allen, Tyler Cooper & Alcorn, New Haven, CT, for plaintiff.

William J. Doyle and Jeffrey R. Babbin, Wiggin & Dana, New Haven, CT, for defendants.

## RULING ON MOTION FOR TRANSFER OF VENUE

JOSÉ A. CABRANES, Chief Judge:

This action arises under the 1934 Securities and Exchange Act, 15 U.S.C. § 78a *et seq.* ("1934 Act"), and Securities and Exchange Commission Rule 10b–5, 17 C.F.R. § 240.10b–5 ("Rule 10b–5"). Pending before the court is the defendants' Motion for Transfer of Venue (filed May 10, 1993).

### BACKGROUND

The plaintiff, The Stanley Works ("Stanley"), is a Connecticut corporation with its headquarters in New Britain, Connecticut, and the six individual defendants are all residents of California. The defendants sold to the plaintiff, pursuant to a Stock Purchase Agreement dated December 17, 1991, their stock in Wondura Products, Inc. d/b/a Monarch Mirror Door Company, Inc., a New Jersey corporation with its principal place of business in California. The plaintiff alleges that the defendants have breached the agreement and that the defendants' actions rise to the level of fraudulent misrepresentations and omissions in violation of section 10(b) of the 1934 Act, 15 U.S.C. § 78j(b), and Rule 10b–5.

The defendants have moved, pursuant to 28 U.S.C. § 1404(a), to have this case transferred from this court to the United States District Court for the Central District of California. After full briefing, the court heard oral argument on September 10, 1993.

In support of their motion, the defendants argue that a California forum would be more convenient and cost effective for the witnesses and parties; that all of the relevant documents are located in California; that many of the witnesses and documents are beyond the subpoena power of this court; that a judgment in this action will require the interpretation and application of California law; and that the plaintiff has extensive operations in California. While the defendants do not dispute the jurisdiction and venue of this court, they claim that transferring this case would best serve the interests of justice by maintaining the balance of fairness between the parties and by allowing a speedier resolution of the action due to the relative docket conditions in the two districts.

In opposing the defendants' motion, the plaintiff asserts that its choice of forum is entitled to substantial deference and should be honored absent a clear showing that convenience and justice for all parties demand that the litigation proceed elsewhere. The plaintiff invokes the recent case of *The Stan-*

ley Works v. Labounty, et al., Civil Action No. 3:93–114 (AVC) (D.Conn. June 22, 1993) ("Labounty"), in which Judge Covello denied the defendants' motion to transfer based on the considerable deference owed to the plaintiff's choice of forum and the broad venue provision contained in § 27 of the 1934 Act, 15 U.S.C. § 78aa. The plaintiff further argues that, despite the defendants' assertions that the case centers on individuals, businesses, and transactions within the state of California, most of the review, analysis, and due diligence with respect to the transaction at issue was performed by the plaintiff's high-level employees within the state of Connecticut. According to the plaintiff, therefore, most of the relevant documents and many important witnesses are available in Connecticut. In sum, the plaintiff contends that the defendants have over stated the inconvenience to themselves were this action to proceed in Connecticut, and have under estimated the inconvenience to the plaintiff were the action to proceed in California.[1]

### DISCUSSION

### I.

■ The defendants fully concede that jurisdiction and venue in this court are proper. Their motion to transfer, therefore, rests entirely on 28 U.S.C. § 1404(a), which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A determination of whether to grant a change of venue "requires a balancing of conveniences, which is left to the sound discretion of the court." Filmline

(Cross Country) Productions, Inc. v. United Artists, Corp., 865 F.2d 513, 520 (2d Cir. 1989). There are many factors to be considered in such a weighing of the interests, including "the convenience of the parties and the witnesses; the relative ease of access to sources of proof; the cost of obtaining the attendance of witnesses and other practical problems that make trial of a case more expeditious and inexpensive; and the interests of justice." SEC v. Electronics Warehouse, Inc., 689 F.Supp. 53, 74 (D.Conn. 1988), aff'd sub nom. SEC v. Calvo, 891 F.2d 457 (2d Cir.1989) (per curiam), cert. denied, 496 U.S. 942, 110 S.Ct. 3228, 110 L.Ed.2d 674 (1990).

Generally, the trial court's decision

> must turn on the particular facts of each case and ... must consider all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.

C. Wright, A. Miller and E. Cooper, 15 Federal Practice and Procedure 370 (1986); see also Clisham Management, Inc. v. American Steel Bldg. Co., 792 F.Supp. 150, 152 (D.Conn.1992).

"[W]hile courts have broad discretion as whether to transfer a case pursuant to 28 U.S.C. § 1404(a), courts must give plaintiffs considerable deference in their choice of forum." Labounty, slip op. at 5. As a result, there is a strong presumption in favor of the plaintiff's choice of forum and there is a heavy burden on the defendants to establish that the case should be transferred. Indeed, "a plaintiff's choice of forum should rarely be

---

1. The plaintiff also notes that one of the defendants in this action had previously filed suit against the plaintiff in the United States District Court for the Southern District of New York — Merkow v. The Stanley Works, Civil Action No. 93–1472 (JES) (S.D.N.Y. filed March 11, 1993)— rather than in California. According to the plaintiff, the Merkow case reveals that the defendants are willing and able to litigate far away from their home state of California.

The defendants contest the significance of the Merkow action, claiming that a ruling by the Court of Appeals for the Ninth Circuit required that New York be the forum of the litigation. The defendants refer here to Sunshine Beauty

Supplies, Inc. v. United States District Court for the Central District of California, 872 F.2d 310 (9th Cir.1989) (holding that the venue provision of the Federal Arbitration Act, 9 U.S.C. § 9, limits jurisdiction to confirm an arbitration award to the district in which the award was made).

Regardless of whether Sunshine actually required that Merkow be litigated in New York, the record demonstrates that the defendants reasonably believed that they were prohibited from proceeding in California. Thus, while the Merkow case establishes that the defendants are able to litigate in New York, it does not suggest that they voluntarily brought suit there.

disturbed." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981).

The breadth of the special venue provision under which the plaintiff has selected a forum in this action, § 27 of the 1934 Act, 15 U.S.C. § 78aa, arguably strengthens this presumption in securities actions.[2] "The venue provision of the [1934] Act represents an affirmative congressional policy choice to allow plaintiffs in securities cases the widest possible choice of forums in which to sue." *SEC v. Electronics Warehouse, Inc.,* 689 F.Supp. at 74.

## II.

■ The defendants first argue that venue should be transferred to California for the convenience of the witnesses who will testify at trial, claiming that "[v]irtually every witness that will be called at trial resides in the Los Angeles area." Defendants' Memorandum in Support of Motion to Transfer Venue (filed May 10, 1993) (doc. # 17) ("Defendants' Memorandum"), at 17. *See* Affidavit of William J. Doyle, Attachments 1–4 (filed May 10, 1993) (doc. # 16) ("Attachments to Doyle Affidavit"). The plaintiff, however, has countered with an extensive list of potential witnesses within the state of Connecticut. *See* Affidavit of Robert W. Allen, Attachments 1–4 (filed June 7, 1993) (doc. # 24) ("Attachments to Allen Affidavit").

The defendants also maintain that the key documents to be used by both sides are largely in California. Defendants' Memorandum at 19; *see* Attachments to Doyle Affidavit. Again, the plaintiff has responded by contending that Connecticut, Rhode Island, and Pennsylvania house a significant number of relevant documents, and that it will produce any records under its control that are located elsewhere. Plaintiff's Memorandum in Opposition to Transfer (filed June 7, 1993) (doc. # 23) ("Plaintiff's Memorandum"), at 10; *see* Doyle Affidavit ¶ 6; Attachments to Doyle Affidavit.

The defendants next posit that California is most convenient for the parties. Defendant's Memorandum at 21–23. The defendants claim that while the plaintiff has a substantial presence in California, had purchased a company with its principal place of business in California, and could therefore expect to incur time and expense travelling to and from California, the defendants had no expectation of travelling to Connecticut. The plaintiff, however, asserts that the defendants have gravely underestimated the inconvenience to a large group of Stanley's senior officials—who are located in Connecticut— should this case be transferred to California. Plaintiff's Memorandum at 12. From the plaintiff's perspective, the review, analysis and decisionmaking regarding the transaction in question were conducted in New Britain, Connecticut. Indeed, the defendants cannot persuasively claim that—in negotiating a major corporate transaction with a company headquartered in Connecticut and with corporate representatives who were residents of Connecticut—they had no expectation that they could be subject to suit in Connecticut.

■ Moreover, the defendants claim that transferring the case to California would best serve the interests of justice. Defendant's Memorandum at 23–27. More specifically, the defendants argue that a court in California should decide issues of California law; that the defendants are decidedly disadvantaged by a Connecticut forum; and that the docket moves more quickly in the Central District of California.

First, regarding the applicability of California law, the defendants rely on *Clisham,* 792 F.Supp. at 156–58; *Air Express International Corporation v. Consolidated Freightways, Inc.,* 586 F.Supp. 889 (D.Conn.1984); and *Kanbar v. U.S. Healthcare, Inc.,* 715 F.Supp. 602 (S.D.N.Y.1989). All three of these cases, however, present a set of factors—absent here—which strongly militated in favor of transfer.

---

**2.** Section 27 of the 1934 Act states:

Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any ... district [wherein any act or transaction constituting the violation occurred] or in the district wherein the defendant is found or is an inhabitant or transacts business[.]

In *Clisham*, the plaintiff's cause of action rested in large part on the Texas Deceptive Trade Practices Act and the court declined to entangle itself in a host of first impression issues concerning Texas state law which had been persistently problematic for Texas courts. *See* 792 F.Supp. at 158. The court also noted that the presence of a forum selection clause—designating Texas as the forum of litigation—was a significant factor weighing in favor of a transfer of venue. *Clisham* involved no federal law claims and no special venue provisions such as § 27 of the 1934 Act. Not surprisingly, this court transferred that case to the Southern District of Texas.

In *Air Express*, the parties were involved in three pending actions, the first two of which were pending in California and involved solely state law claims. The California Superior Court had already denied a motion to stay or alternatively to transfer the case to Connecticut. This court, upon transferring the action to the Northern District of California, remarked that it could not conceive of an arrangement "more expensive, time consuming, and inconvenient to the parties ... or more exhaustive of judicial resources" than not transferring the case and thereby having three cases proceed to trial simultaneously. *Air Express*, 586 F.Supp. at 889.

Finally, in *Kanbar*, the court noted that the transaction underlying the cause of action had little or no material connection to the chosen forum, the Southern District of New York. The case concerned mainly Pennsylvania corporations and all the operative facts of the case occurred in Pennsylvania. The only link to the plaintiffs' preferred forum was that one of the plaintiffs had moved to New York and had there received two letters sent by the defendants, well after most of the activity at issue had occurred. The court transferred the case to the Eastern District of Pennsylvania without ever even deciding if venue was proper.

Surely, these cases do not stand for the proposition that the mere applicability of state law warrants a transfer to that state. The application of foreign law is an every day occurrence in the federal system and cannot, standing alone, justify a transfer based on "convenience." Although it is well settled that the presence of complex or novel issues of foreign law is to be given significant consideration in a decision to transfer venue, *see Clisham*, 792 F.Supp. at 157, the record to date on this point is far too scant to weigh in favor of transfer. While the defendants assert that the mediation clause in the Stock Purchase Agreement raises an "unsettled issue of state law," Defendants' Memorandum at 25, they have pointed to no authority whatsoever to support this claim.

Perhaps at some later point of this litigation, when more information has become available, the court may decide that there are in fact novel, complex, or unsettled issues of California law which militate in favor of transfer. At this early stage, however, the court is satisfied that the role of California law in this action is not enough to overturn the heavy presumption in favor of a plaintiff's chosen forum, especially where the complaint contains only one count and that count is a claim under *federal* securities law. *See, e.g., Steinberg & Lyman v. Takacs*, 690 F.Supp. 263, 267 (S.D.N.Y.1988).

■ Second, with regard to the claim that Stanley would gain an unfair advantage if this action were to remain in Connecticut, the court is not convinced that transferring this action would simply maintain the balance of fairness between the parties. Indeed, a transfer may well give an unfair advantage to the *defendants*. Either forum will inevitably burden one side more than the other. The court cannot dismiss so summarily the plaintiff's position that a transfer would impose significant burdens on many of its senior officials. *See* Plaintiff's Memorandum at 12. While it is true that the plaintiff has the capacity to litigate in California, the *Merkow* action, *see* note 1, *supra*, evidences that the defendants are equally well capable of litigating in New York, even if that is not their preferred forum.

■ Finally, concerning the defendants' argument involving the relative dockets of the two districts, it is worth noting that, in 1992, the number of filings decreased in the District of Connecticut while that figure increased in the Central District of California. In addition, in the District of Connecticut in

1992, case terminations increased, cases pending decreased slightly, and the time from issue to trial decreased. *See* Defendants' Exhibits to Motion for Transfer of Venue (filed May 10, 1993) (doc. # 19), Ex. 4. In any case, the court concludes that docket congestion is not a dispositive factor, especially in the absence of other considerations which support a change of venue. The mere fact that the litigation might proceed more expeditiously in the Central District of California is not sufficient to tip the scales in favor of transfer.

### III.

In sum, the defendants have failed to meet their burden. Although the defendants have demonstrated that it would be more convenient for them if this action were transferred to California, they have not established that the interests of justice to all parties lie so firmly on the side of transfer to overcome the deference accorded to the plaintiff's choice of forum. In weighing all the interests—including the convenience of the parties and the witnesses; the relative ease of access to sources of proof; the various practical considerations that make litigation more expeditious and inexpensive; and the interests of justice—the court concludes that a transfer under the circumstances presented would not be appropriate.

Accordingly, based on the record to date, the defendants' motion for transfer of venue must be DENIED.

### CONCLUSION

Based on the record to date, including the oral arguments of counsel, and for the reasons stated above, the defendants' Motion for Transfer of Venue (filed May 10, 1993) (doc. # 15) is hereby DENIED.

It is so ordered.