**SOVEREIGN BANK, F.S.B., Plaintiff,**

v.

**The ROCHESTER COMMUNITY SAVINGS BANK, Defendant.**

No. 95–CV–2251.

United States District Court, E.D. Pennsylvania.

Dec. 14, 1995.

Charles J. Bloom, Stevens & Lee, Wayne, PA, for Plaintiff.

Paul J. Yesawich, III, Harris Beach & Wilcox, L.L.P., Rochester, NY, Brian P. Sullivan, Anderson & Sullivan, Plymouth Meeting, PA, for Defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This matter arising under the securities laws is before the Court on motion of Defendant, the Rochester Community Savings Bank ("Rochester"), which seeks an order dismissing the case for want of *in personam* jurisdiction. In the alternative, Rochester asks us to transfer this action to the United States District Court for the Western District of New York, arguing that venue is improper in this Court and that, in any event, we should transfer this case pursuant to 28 U.S.C. § 1404(a). The plaintiff, Sovereign Bank, F.S.B. ("Sovereign"), a federally-chartered savings bank with its principal place of business in Wyomissing, Pennsylvania, opposes the motion in all respects. For the reasons that follow, Rochester's motion will be denied in its entirety.[1]

## BACKGROUND

This action arises out of the sale of the stock of Shadow Lawn Savings Bank ("Shadow Lawn"), a New Jersey state-chartered savings and loan association that was Rochester's wholly owned subsidiary in 1993. In November of that year, Rochester's agent, Salomon Brothers, Inc., contacted Sovereign in Pennsylvania to determine Sovereign's interest in purchasing Shadow Land. Negotiations by telephone, telefax and mail were conducted over the succeeding months. On March 9, 1994, the parties executed an agreement pursuant to which Sovereign agreed to purchase Shadow Land's stock. On April 18,

---

1. Rochester also requests oral argument on the instant motion. Because the issues presented by the motion are quite clear, however, we find that oral argument is unnecessary. Accordingly, Rochester's request is denied.

1995, Sovereign filed the instant complaint, alleging that Rochester misrepresented material facts in violation of both the purchase agreement and federal and state law. Thus, Sovereign seeks relief under both the Securities Exchange Act of 1934 (the "Exchange Act") and common law theories of contract, intentional misrepresentation and negligent misrepresentation. Rochester responded with the instant motion, in which it argues that this action should be (1) dismissed for want of personal jurisdiction; (2) transferred for improper venue; or (3) transferred pursuant to 28 U.S.C. § 1404(a). We turn now to address the merits of the motion.

## DISCUSSION

### A. *Personal Jurisdiction*

Under Fed.R.Civ.P. 12(b)(2), we must dismiss an action if we find that we lack personal jurisdiction over the defendant. Rochester contends that we may not exercise personal jurisdiction over it because it lacks the minimum contacts with Pennsylvania to make such an exercise constitutionally permissible. Because this case arises under the Exchange Act, therefore, the starting point for our discussion is the Exchange Act's jurisdictional provision, which reads in relevant part as follows:

> Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

15 U.S.C. § 78aa (Supp.1995). Thus, the Exchange Act authorizes national service of process. *City of Harrisburg v. Bradford Trust Co.*, 621 F.Supp. 463, 467 (M.D.Pa. 1985).

 As this Court has recognized, Congress's authorization of nationwide service is limited only by the constraints of the Due Process Clause of the Fifth Amendment. *Berk v. Ascott Inv. Corp.*, 759 F.Supp. 245, 261 (E.D.Pa.1991) (citing *Merrill Lynch,*

*Pierce, Fenner & Smith, Inc. v. Rajcher,* 609 F.Supp. 291 (S.D.N.Y.1985)). Since it is the United States that exercises jurisdiction when nationwide service is asserted, however, the contacts relevant to the due process analysis are those between the defendant and the United States. *Id.* at 262. As the Fifth Circuit has held: "when a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States." *Busch v. Buchman, Buchman & O'Brien, Law Firm,* 11 F.3d 1255, 1258 (5th Cir.1994).

 Here, Rochester's request for an order dismissing the case is predicated entirely upon its argument that its contacts with Pennsylvania are insufficient to meet due process requirements. As the above-cited cases make clear, however, such an argument is irrelevant; it is the defendant's contacts with the *United States* that must be examined. Of course, Rochester cannot reasonably argue that it lacks sufficient contacts with the United States. It is a United States resident, and does not dispute that service of process was effective. Accordingly, we conclude that the personal jurisdiction requirements have been satisfied, and as a result, we must reject Rochester's argument.

### B. *Venue*

 Likewise, we must reject Rochester's contention that venue is improper in this forum. With respect to actions brought under the Exchange Act, venue is proper "in any district where it is alleged that any one defendant has committed acts that are violative of this chapter and in furtherance of the alleged illegal scheme." *Berk,* 759 F.Supp. at 262. Thus, as long as at least one act of material importance to the allegedly unlawful scheme occurred in the forum district, venue is proper. *Southmark Prime Plus, L.P. v. Falzone,* 768 F.Supp. 487, 488 (D.Del.1991) (citation omitted). Indeed, our sister court has recognized that the use of the mails or other interstate facilities constitutes an appropriate basis for laying venue in a particu-

lar district. *Harrisburg,* 621 F.Supp. at 468. In the present case, as we noted above, Sovereign alleges that Rochester misrepresented material facts during the negotiation process, which occurred using the mails and other interstate facilities in Pennsylvania and New York. Accordingly, we conclude that venue is proper in this district.

### C. *Transfer*

■■■ Finally, Rochester argues that we should transfer this case to New York pursuant to 28 U.S.C. § 1404(a), which provides as follows: "For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The district courts are given considerable discretion in weighing a § 1404(a) motion. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 253, 102 S.Ct. 252, 264, 70 L.Ed.2d 419 (1981); *John Hancock Property & Casualty Co. v. Hanover Ins. Co.,* 859 F.Supp. 165, 169 (E.D.Pa.1994). That discretion is guided by the factors relevant to a *forum non conveniens* motion, including:

1. the plaintiff's choice of forum;
2. relative ease of access to sources of proof;
3. availability of compulsory process for attendance of unwilling witnesses;
4. cost of obtaining attendance of willing witnesses;
5. possibility of viewing premises, if applicable;
6. all other practical problems that make trial of a case easy, expeditious, and inexpensive; and
7. "public interest" factors, including the relative congestion of court dockets, choice of law considerations, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation.

*Cain v. DeDonatis,* 683 F.Supp. 510, 512 (E.D.Pa.1988) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843–44, 91 L.Ed. 1055 (1947)). Moreover, we are mindful that the "plaintiff's choice of forum is a paramount consideration which should not lightly be disturbed." *Weinstein v. Friedman,* 859 F.Supp. 786, 788 (E.D.Pa.1994). Indeed, the presumption in favor of plaintiff's choice of forum is even stronger in cases brought under the Exchange Act's liberal venue provision, since it "represents an affirmative congressional policy choice to allow plaintiffs in securities cases the widest possible choice of forums in which to sue." *SEC v. Electronics Warehouse, Inc.,* 689 F.Supp. 53, 74 (D.Conn.1988), *aff'd,* 891 F.2d 457 (2d Cir.1989), *cert. denied,* 496 U.S. 942, 110 S.Ct. 3228, 110 L.Ed.2d 674 (1990).

■■■ Thus, the defendant here is under a heavy burden to show that the balance of convenience and justice weighs convincingly in favor of transfer. Upon review of the relevant factors, we conclude that Rochester has failed to meet that burden. Defendant argues that all of its witnesses are situated in western New York, and that they will be inconvenienced if this action were to proceed in this forum. Moreover, Rochester contends that if the action is not transferred, it will be compelled to transfer documents to Philadelphia, at considerable expense. On the other hand, Sovereign is located in this district; and this district would clearly be the more convenient one with respect to its sources of proof. Indeed, the only factor that appears to favor transfer is that the court will be called upon to apply New York law. But as the district court in Connecticut has recognized, "[t]he application of foreign law is an every day occurrence in the federal system and cannot, standing alone, justify a transfer based on 'convenience.'" *Stanley Works v. Kain,* 833 F.Supp. 134, 138 (D.Conn.1993). We conclude that the factors favoring transfer do not overcome the strong presumption favoring plaintiff's choice of forum. Accordingly, Rochester's motion for transfer will be denied.

### CONCLUSION

For the foregoing reasons, Rochester's motion will be denied in its entirety. An appropriate order follows.

### ORDER

AND NOW, this 14th day of December, 1995, upon consideration of Defendant's Mo-

tion to Dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(2), or in the alternative, to transfer this action for improper venue, or in the alternative, to transfer this action pursuant to 28 U.S.C. § 1404(a), it is hereby ORDERED that said Motion is DENIED in its entirety.