**KURT H. VOLK, INC., Plaintiff,**

v.

**ODELL SIMMS & ASSOCIATES, INC. f/k/a/ Odell, Roper & Simms Inc., Defendants.**

**No. 3:98–CV–172 (WWE).**

United States District Court, D. Connecticut.

Nov. 24, 1998.

David Paul Friedman, James K. Filan, Jr., Zeldes, Needle & Cooper, Bridgeport, CT, for Plaintiff.

James T. Shearin, Pullman & Comley, Bridgeport, CT, for Defendants.

### RULING ON MOTION TO DISMISS OR TO TRANSFER

EGINTON, Senior District Judge.

### INTRODUCTION

Defendant Odell Simms & Associates ("Simms") moves to dismiss the present action brought by Kurt H. Volk, Inc. ("Volk") or, alternatively, transfer it to the United States District court for the Eastern District of Virginia. The Motion, made pursuant to Fed.R.Civ.P. (b)(2), alleges that Connecticut may not exercise jurisdiction over Simms within the limits of the Due Process Clause. Inasmuch as both parties concede that the contract at issue between them falls within the ambit of Connecticut's Long–Arm Statute, the familiar two-part inquiry is not necessary; rather, only the constitutional limits as to Simms need be determined.

### STATEMENT OF FACTS

The Court summarizes only those facts believed necessary to an understanding of the issues raised in, and decision rendered on, this Motion.[1]

Plaintiff is a Connecticut corporation specializing in printing material for mass mailing. Volk is one of only a handful of printing companies in the United States that can manufacture mass mailings or large direct-mail campaigns, personalizing on both sides of a form. It is the only company in Connecticut with such capability and all work is done at Volk's Milford, Connecticut facility, its only location. All of the production work is done there and all of its executive and administrative offices are located there.

Defendant is a Maryland corporation, with principal place of business in Falls Church, Virginia. Defendant is in the business of raising monies for political campaigns. Its clients include the Republican National Committee, the California Republican Party, the Ohio Republican Party, the Connecticut Republican State Central Committee, the Labriola for United States Senate Campaign (CT), the Gary Franks for Congress Campaign (CT), the Connecticut Victory '88 Campaign and other local, statewide and national campaigns and political parties. The political work for Messrs. Labriola and Frank, and the Connecticut Victory '88 campaign each involved the printing and mailing of Connecticut campaign material to Connecticut citizens on behalf of Connecticut political organizations.

Although Defendant's principal avers that Defendant does not and has not transacted business in Connecticut, and that it has not solicited business in Connecticut in the last four years, the Court finds that Defendant's

---

1. Where personal jurisdiction is in dispute, the nature of a plaintiff's obligation varies with the procedural posture of the litigation. Prior to discovery, a plaintiff may defeat the jurisdictional challenge by making only a *prima facie* showing of jurisdiction, through its pleadings, affidavits and other materials. *Maguire v. Misomex of North America*, Civ. No. 3:96CV1507 (AHN), 1997 WL 76571 at *1 (D.Conn. Feb. 4, 1997). After discovery, a plaintiff must submit an aver- ment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant. *Combustion Engineering, Inc. v. NEI International Combustion, Ltd.*, 798 F.Supp. 100, 103 (D.Conn.1992). Inasmuch as it is the plaintiff's burden, the Statement of Facts is taken primarily from its complaint, affidavits and other supporting materials. Defendant's affidavit has been similarly reviewed and considered.

relationship with Plaintiff dates back to 1983 and has been continued, with interim recesses, to the date of the contract at issue herein. Although for several years such conduct within the State of Connecticut may have been sporadic, it has been continuous. Between 1983 and 1996, defendant contracted with plaintiff to produce mass mailing at its Milford plant on at least fifty-three occasions. These contracts varied in size, from one hundred thousand pieces of mail to two million pieces. Similarly, the dollar amount was not insignificant, ranging from a few thousand dollars to in excess of one hundred thousand dollars.

It is disputed whether the instant case involves one contract or three individual ones. At this time, that disagreement is of no moment. In September, 1996 plaintiff and defendant entered into an agreement for the production of three double-sided self-mailers for use by defendant's client, the Republican Party of Ohio, in the race for the Presidency of the United States in Ohio. It is the completion, or failure thereof, of these jobs which is at issue herein. Volk has filed the instant complaint, claiming that defendant has failed to pay for the work Volk asserts it fully completed in 1996.

## LEGAL ANALYSIS

### I. *The Standards of Review*

#### A. *The Due Process Clause*

The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties or relations." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). By requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," *Shaffer v. Heitner*, 433 U.S. 186, 218, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World–Wide Volkswagen Corp. v.*

*Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). "[W]ith respect to interstate contractual obligations, we have emphasized that parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), *quoting Travelers Health Ass'n. v. Com. of Virginia ex rel. State Corp. Com'n*, 339 U.S. 643, 647, 70 S.Ct. 927, 94 L.Ed. 1154 (1950).

The Connecticut legislature intended to exercise its full constitutional power over foreign corporations in cases falling within one of designated causes of action under the Long–Arm Statute. "Under [that statute], consistent with the constitutional demands of due process, it is the totality of the defendant's conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably being haled into court here." *Frazer v. McGowan*, 198 Conn. 243, 249, 502 A.2d 905 (1986) *quoting Lombard Brothers, Inc. v. General Asset Management Co.*, 190 Conn. 245, 255, 460 A.2d 481 (citations omitted).

There need be no causal connection between the cause of action and the specific prong of the long-arm statute under which the cause arose. *Frazer*, 198 Conn. at 249, 502 A.2d 905. "If the plaintiff's cause of action alleges conduct falling within one of the four statutorily designated classes, the court must examine the totality of the defendant's contacts with the State of Connecticut to determine whether personal jurisdiction over the defendant is proper." *Id.* at 250, 502 A.2d 905.

#### B. *Section 1404(a) of the United States Code*

Section 1404 of Title 28 of the United States Code is the change of venue section. It presupposes that the litigation has been brought in a proper venue but authorizes its transfer to another district, also proper, but also more suited to the action. Such a decision is rendered on a case-by-case analysis.

The purpose of the federal transfer of venue statute is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). In deciding any motion to transfer a case to another forum, there is a strong presumption in favor of a plaintiff's initial choice of forum. *See, e.g., Murray v. BBC*, 81 F.3d 287, 290 (2d Cir.1996); *Stanley Works v. Kain*, 833 F.Supp. 134, 136 (D.Conn.1993).

A defendant seeking a transfer of venue bears the burden of convincing the Court that a transfer is warranted. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (1978), *cert. denied* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). A defendant must show by clear and convincing evidence that the balance of factors weighs strongly in favor of transfer. *Jasol Carpet, Inc. v. Patcraft Commercial Carpet, Inc.*, 1997 WL 97831, No. 96 Civ. 3064(JGK), 1997 WL 97831 at *3 (S.D.N.Y.1997).

## II. *The Standards As Applied*

### A. *The Due Process Clause*

The Court finds that it will not offend the Due Process Clause, as interpreted by the Supreme Court and the Supreme Court of Connecticut, for Simms to defend itself in this forum. As noted above, the business relationship between these parties has spanned the course of many years and many contracts. In reviewing the exhibits to the Volk affidavit, the fact that the parties have had extensive dealings with each other becomes apparent. For purposes of a constitutional analysis, it is insignificant that there existed recesses in the parties' business dealings. That is simply the nature of business dealings in today's corporate world.

It is constitutionally significant that the contract(s) at issue were to be performed in Connecticut. This was an intentional creation of another chapter in the parties' continuing relationship and defendant is therefore subject to regulation in Connecticut for the consequences of its actions. *Travelers Health Assn.*, 339 U.S. at 647, 70 S.Ct. 927.

Connecticut has a manifest interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors, such as defendant herein.

Further, defendant's other contacts with the State of Connecticut also make it constitutionally fair to expect defendant to defend itself in Connecticut. Defendant has inserted itself in Connecticut elections for the Presidency, the United States Senate, and the United States House of Representatives by providing direct mailings to residents of this state. These services were provided over a span of number of years—from 1988 through 1995. For this reason, too, it is not unconstitutionally unfair to allow Plaintiff's choice of forum to stand.

### B. *28 U.S.C. Section 1404(a)*

The factors analyzed in determining whether transfer is appropriate—the plaintiff's choice of forum, convenience of the parties, convenience of the witnesses, availability of process to compel the appearance of unwilling witnesses, place where the operative facts occurred, and the overall interests of justice—stand almost in equipoise in the instant case. Accordingly, defendant has not overcome its burden in rebutting the presumption of favor of jurisdiction as the one chosen by plaintiff. Resultingly, the case will not be transferred.

### *CONCLUSION*

For the reasons set forth herein, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or to Transfer Venue [Doc. No. 4] is DENIED. The Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have voluntarily assumed, as in the present case. Nor is it in the interest of justice to transfer the case to Virginia.

SO ORDERED.