Anthony W. ADAMS, Plaintiffs,

v.

**TIME WARNER, et al., Defendants,**

**No. 3:98CV1045(WWE).**

United States District Court,
D. Connecticut.

Nov. 19, 1999.

dence that the threatened injury is not irreparable.).

Anthony W. Adams, Trumbull, CT, Pro se.

Berthold H. Hoeniger, Bridgewater, CT, for Plaintiff.

Richard E. Castiglioni, James Patrick Blanchfield, Diserio, Martin, O'Connor & Castiglioni, Daniel Schwartz, Sarah Moore Fass, Day, Berry & Howard, Stamford, CT, Felix J. Springer, Day, Berry & Howard, Hartford, CT, Lynn A. Kappelman, Seyfarth, Shaw, Fairweather & Geraldson, New York City, for Defendants.

## RULING ON DEFENDANT'S MOTION TO TRANSFER

EGINTON, Senior District Judge.

Plaintiff, Anthony Adams ("Adams"), commenced this action alleging causes of action arising out of the termination of his employment. Specifically, the complaint alleges, inter alia, that defendant Time Warner Cable ("Time Warner"), wrongfully discharged the plaintiff in violation of Conn.Gen.Stat. 53a section 160 because he refused to participate in a conspiracy to accept bribes for favorable air time contracts with Adam Wex[1], Fred Dressler and defendants Guthy–Renker Corporation ("GRC") and Guthy–Renker Television ("GRTV"). Jurisdiction in this Court is based upon diversity of citizenship.

Pursuant to Title 28 U.S.C. section 1404(a), defendant Time Warner moves this Court to transfer venue to the Central District of California arguing that the convenience of the parties favors transfer. Plaintiff counters that his choice of venue should not be disturbed. For the reasons below, Defendant Time Warner Cable's Motion to Transfer [Doc. # 39] will be denied.

## FACTUAL BACKGROUND

During the relevant time period, the plaintiff was an employee of Time Warner located in Stamford, CT. Fred Dressler was the Senior Vice President of Programming of Time Warner. Plaintiff alleges a conspiracy whereby GRC, GRTV, and Michael Wex, an agent and later president of GRTV, gave Dressler inducements and benefits in return for approving and signing favorable TWC air-time agreements without the consent of Time Warner Entertainment.[2]

Plaintiff further alleges that Dressler instructed him to assist Michael Wex, GRC and GRTV to obtain such favorable air-time contracts despite the plaintiff's objection and attempts to obtain other contracts that were more sound business opportunities. On June 5, 1996, Time Warner terminated the plaintiff's employment.

1. The Court entered judgment in favor of Adam Wex on 6/30/99 pursuant to defendant's motion to dismiss [Doc.# 42]. He is no longer a defendant in this action. Although plaintiff subsequently filed a notice of appeal on 7/15/99 the court retains jurisdiction as to the rest of this case.

2. Plaintiff contends that the air-time contracts were "favorable" to GRC and GRTV and in violation of Time Warner policy because they were awarded despite alleged facts that one or more competing purchasers: (1) offered Time Warner better terms and conditions; (2) had better performance track records than GRC or GRTV; (3) met all Time Warner's criteria for bidders; and (4) were not in default in the performance of terms and conditions of their contracts as were GRC and GRTV.

## DISCUSSION

█ Title 28 U.S.C. section 1404(a) authorizes transfer to another district where a case or controversy "might have been brought." [3] 28 U.S.C. 1404(a). The purpose of Section 1404(a) is to have federal civil suits tried in the district most suitable in terms of convenience, efficiency and justice. *See Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). "The Court must give deference to a strong presumption in favor of a plaintiff's choice of forum, which presumption may be overcome only by clear and convincing evidence that private and public interest factors favor trial in the alternative forum." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). When a court weighs all of the relevant factors "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

█ The relevant factors are: (1) locus of operative facts; (2) access to evidence; (3) convenience of witnesses; (4) availability of compulsory process to compel witness testimony; (5) convenience of the parties; (6) familiarity of the forum with governing law; (7) trial efficiency; (8) the relative financial means of the parties; and a catchall factor (9), interests of justice. The Court discusses the relevant factors in turn.

### 1. Locus of Operative Facts

Plaintiff is a resident of, and employed by the defendant in, Connecticut. Connecticut is also the location where the implied contract of employment was performed. Although there is a dispute over where the breach of the contract occurred, the Court is satisfied that there are enough allegations to warrant a finding that the locus of operative facts tilts in favor of litigating this case in Connecticut.

### 2. Convenience of Witnesses

█ Convenience of the witnesses is the most powerful factor governing the decision to transfer a case. *See U.S. Surgical Corp. v. Imagyn Medical Technologies, Inc.,* 25 F.Supp.2d 40, 46 (1998). Defendant names three witnesses who reside in California: Michael Wex, Kevin Knee, and Ben Van de bunt. Plaintiff names nine witnesses who reside in Connecticut: plaintiff himself, Fred Dressler, and seven other present and former employees of Time Warner. Under this factor, the balance falls in favor of the plaintiff.

The Court finds that there are three significant witnesses: Wex, plaintiff and Dressler. Two of these significant witnesses reside in Connecticut. Without more of an explanation as to their importance, the Court considers the weight of the seven other witnesses named by plaintiff and the two other witnesses named by the defendants as equal. Therefore, the fact that Wex resides in California does not overcome the convenience of both the plaintiff and Dressler residing in Connecticut.

### 3. Familiarity of the Forum with Governing Law

Connecticut law governs this action. While, this factor does not weigh significantly in favor of retaining a Connecticut venue, it refutes transfer of this case.

### 4. Relative Financial Means of the Parties

*There is a strong presumption in favor of the plaintiff's choice of forum and*

3. Although disputed, it is this Court's opinion that the plaintiff might have brought this suit in California because: (1) Time Warner conducts business within California. *See Sinatra v. National Enquirer, Inc.,* 854 F.2d 1191 (9th Cir.1988) (defendant must have purposefully availed himself of conducting activities in the forum state); and (2) Plaintiff's claims are sufficiently related to Time Warner's conduct with California entities. *See Vons Companies, Inc. v. Seabest Foods, Inc.,* 14 Cal.4th 434, 58 Cal.Rptr.2d 899, 926 P.2d 1085 (1996) (Claim must bear a substantial connection to the nonresident's forum contacts).

*there is a heavy burden on the defendant to establish that the case should be transferred.*

*Stanley Works v. Kain,* 833 F.Supp. 134, 136–7 (D.Conn.1993). In comparison to the relative financial resources of the defendant this factor clearly weighs in favor of the plaintiff[4].

## CONCLUSION

For the foregoing reasons, the defendant's motion to transfer pursuant to Section 1404(a) [Doc. # 39] is denied.

---

**4.** Plaintiff's salary is a mere fraction of the defendant's revenues of over 1.5 billion dollars.